# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| In Re Subpoena To Twitter, Inc. | ) ) ) ) |
| TREVOR FITZGIBBON, | ) ) Misc. Case No.: 3:20-mc-00002 |
| *Plaintiff,* <br> v. <br><br> JESSELYN A. RADACK, <br><br> *Defendant.* | ) Action currently pending in U.S. ) District Court E.D. Va. (Case No. ) 3:19-cv-477-REP) ) ) ) ) ) |

### DECLARATION OF PATRICK J. CAROME IN SUPPORT OF
### NON-PARTY TWITTER, INC.'S MOTION TO QUASH SUBPOENA

I, Patrick J. Carome, declare and state as follows:

1. I am an attorney admitted to practice in the District of Columbia and the State of Massachusetts. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"). I represent Twitter, Inc. ("Twitter") in connection with the subpoena issued to it on behalf of Trevor Fitzgibbon on December 23, 2019 in connection with a civil action filed in the Eastern District of Virginia on June 28, 2019, captioned *Fitzgibbon v. Radack*, 3:19-cv-00477-REP (the "December 23 Subpoena"). I am also counsel for Twitter in a civil action filed in the Virginia Circuit Court for Henrico County, captioned *Devin Nunes v. Twitter, Inc. et al.*, No. CL19001715-00 (Va. Cir. Ct.). I am over the age of 18 and make this declaration based upon my personal knowledge and documents provided to me, in support of Non-Party Twitter, Inc.'s Motion to Quash the December 23 Subpoena.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Subpoena.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Second Amended Complaint filed in *Fitzgibbon v. Radack*, 3:19-cv-00477 (E.D. VA. Dec. 10, 2019), ECF No. 43.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Answer of Defendant Jesselyn A. Radack to Plaintiff's Second Amended Complaint with Affirmative Defenses, Counterclaims and Jury Demand filed in *Fitzgibbon*, 3:19-cv-00477-REP (E.D. Va. Jan. 7, 2020), ECF No. 49.

5. Attached hereto as **Exhibit D** is a true and correct copy of the Complaint filed in *Devin Nunes v. Twitter, Inc. et al.*, No. CL19001715-00 (Va. Cir. Ct.).

6. Attached hereto as **Exhibit E** is a true and correct copy of a Subpoena Duces Tecum served on Twitter on March 27, 2019 in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.) (the "March 27 Subpoena").

7. Attached hereto as **Exhibit F** is a true and correct copy of purported proof of service on Twitter of the Summons and Complaint in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), which purportedly was effected on March 28, 2019.

8. On April 12, 2019, I spoke by phone with Steven S. Biss, counsel for Devin Nunes in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), regarding the March 27 Subpoena. I informed him of Twitter's position that the subpoena was invalid, including because it failed to comply with the Virginia unmasking statute.

9. Attached hereto as **Exhibit G** is a true and correct copy of an email dated April 15, 2019 from Patrick J. Carome to Steven S. Biss, confirming Mr. Biss's agreement to withdraw the March 27 Subpoena.

10. Attached hereto as **Exhibit H** is a true and correct copy of Plaintiff's Interrogatories and Request for Production of Documents to Defendant Twitter, served on Twitter in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), on or about June 24, 2019.

2

11. Attached hereto as **Exhibit I** is a true and correct copy of Defendant Twitter's Motion for Protective Order, filed in *Nunes*, No. CL19-1715-00 (Va. Cir. Ct.), on or about July 15, 2019 (the "July 15 Motion for Protective Order").

12. Attached hereto as **Exhibit J** is a true and correct copy of the memorandum filed in support of Defendant Twitter's July 15 Motion for Protective Order, filed in *Nunes*, No. CL19-1715-00 (Va. Cir. Ct), on or about July 22, 2019.

13. The July 15 Motion for Protective Order was noticed for a hearing on August 23, 2019, at 9:30 am, before the Honorable John Marshall of the Virginia Circuit Court for Henrico County in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.). This motion was discussed by the parties and the court at that hearing. To date, the Virginia Circuit Court has not yet ruled on this motion.

14. Attached hereto as **Exhibit K** is a true and correct copy of a Subpoena Duces Tecum, dated October 31, 2019, that was issued in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), and addressed to the Hawkins Law Firm LLP.

15. Attached hereto as **Exhibit L** is a true and correct copy of a non-party Subpoena Duces Tecum, dated October 31, 2019, that was issued in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), and addressed to Adam Parkhomenko.

16. Attached hereto as **Exhibit M** is a true and correct copy of the Motion To Quash and/or for Protective Order filed by the Hawkins Law Firm LLP in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), on or about November 26, 2019.

17. Attached hereto as **Exhibit N** is a true and correct copy of the Motion to Quash, for Protective Order and/or for Attorney's Fees Pursuant to § 8.01-223.2 filed by Adam Parkhomenko in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), on or about December 9, 2019.

18. Attached hereto as **Exhibit O** is a true and correct copy of the Memorandum of Amici Curiae Public Citizen, American Civil Liberties Union, and American Civil Liberties

Union of Virginia in Support of Motion to Quash Subpoena, filed in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.).

19. The public docket for *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), does not reflect any response or opposition to Mr. Parkhomenko's and/or the Hawkins Law Firm's motions to quash (Exhibits L and M) having been filed by Mr. Biss or anyone else acting on behalf of Mr. Nunes. To the best of my knowledge, the court in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), has not yet issued any ruling on either of those motions.

20. I first became aware of the existence of the December 23 Subpoena on or about January 23, 2020.

21. On January 24, 2020, I met and conferred with Mr. Biss, counsel for Mr. Fitzgibbon in the *Fitzgibbon* Litigation and counsel for Mr. Nunes in *Nunes*, No. CL19001715-00 (Va. Cir. Ct.), and informed him that Twitter had a number of serious objections and concerns about the December 23 Subpoena, including that it appeared to improperly seek discovery about @DevinCow for use in an entirely different action. Mr. Biss rejected this position and refused to withdraw or narrow the scope of the December 23 Subpoena. I requested that Mr. Biss extend the return date of the December 23 Subpoena by seven days, making the new return date February 3, 2020. Mr. Biss agreed to such extension.

22. On January 24, 2020 I emailed Mr. Biss to confirm that he consented to extending the return date to February 3, 2020. Mr. Biss replied to this email on January 24, 2020, confirming that the deadline for Twitter to respond to the Subpoena was extended to February 3, 2020. In his reply, Mr. Biss also included two images: one purporting to depict a Tweet posted by @JesselynRadack, the other purporting to depict a reply by @JesselynRadack to a Tweet posted by @DevinCow. Mr. Biss asserted that these posts demonstrated @DevinCow's relevance to Fitzgibbon's claims. Attached hereto as **Exhibit P** is a true and correct copy of this January 24, 2020 email exchange.

4

23. On January 29, 2020, I spoke with D. Margeaux Thomas, counsel for Ms. Radack, regarding the December 23 Subpoena. Ms. Thomas stated that Ms. Radack does not consent to Twitter's disclosing any of her communications, citing the federal Stored Communications Act.

24. Twitter transmitted notice to the registered account holders of each of the accounts for which records or information purports to be demanded by the December 23 Subpoena, advising them that it had received a request for information about their accounts. Many of these account holders have affirmatively responded to these notices and told Twitter that they object to any disclosure of their information.

25. On January 31, 2020, I spoke with Mr. Biss regarding the December 23 Subpoena. In this call I repeated my prior request that he withdraw the December 23 Subpoena and elaborated further on Twitter's objections to it. Among other things, I specifically advised him that Twitter objected to the December 23 Subpoena as imposing an undue burden under Rule 45 because it seeks information that Mr. Fitzgibbon should seek in the first instance from Ms. Radack and that pertains to Twitter accounts with no apparent connection to the underlying claims and counterclaims. I also advised him of Twitter's further objection to the Subpoena's demands for information that Twitter is barred from disclosing under the federal Stored Communications Act. I also stated that Twitter intends to seek, under Rule 45, recovery of the attorneys' fees and costs it has incurred and is continuing to incur as a result of the Subpoena. Mr. Biss represented that he would research the Stored Communications Act and withdraw any aspects of the Subpoena that he determined to be in conflict with it. He also represented that he would consider narrowing the Subpoena's demands for @JesselynRadack's communications with various other Twitter accounts. He stated that he would advise me of his decision on these points on the morning of Sunday, February 2, 2020.

26.     On January 31, 2020, I communicated to Mr. Biss by voicemail and email that Twitter requested a further extension of its deadline to object or move to quash, until Thursday, February 6. Twitter requested this short extension in light of the potential settlement of the *Fitzgibbon* Litigation. Attached hereto as **Exhibit Q** is a true and correct copy of this January 31, 2020 email exchange.

27.     Starting on the afternoon of Sunday, February 2, 2020 and continuing through the morning of February 3, 2020, Mr. Biss and I exchanged emails regarding the December 23, 2019 Subpoena. Attached hereto as **Exhibit R** is a true and correct copy of that email exchange.

28.     Attached hereto as **Exhibit S** is a true and correct copy of the Amended Counterclaim of Defendant Jesselyn A. Radack, filed in *Fitzgibbon*, 3:19-cv-00477-REP (E.D. Va. Feb. 3, 2020), ECF No. 57.

I declare under penalty of perjury that each of the above statements is true and correct. Executed on February 4, 2020, in Washington, DC.

*/s/ Patrick J. Carome*

Patrick J. Carome