# EXHIBIT I

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO

DEVIN G. NUNES,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Case No.: CL19001715-00
                                         )
TWITTER, INC., *et al.*,                 )
                                         )
        Defendants.                      )

## SPECIALLY-APPEARING DEFENDANT
## TWITTER'S MOTION FOR PROTECTIVE ORDER

Specially-Appearing Defendant Twitter, Inc. ("Twitter"), by counsel and pursuant to Rule

4:1(c) of the Rules of Supreme Court of Virginia, hereby moves for the entry of a protective order

excusing Twitter from responding to discovery propounded by Plaintiff at least until after this

Court has decided Twitter's pending Motion to Dismiss.[1]  Twitter states the following in support

of its motion:

1.      On May 9, 2019, Twitter filed a Motion to Dismiss for Lack of Personal Jurisdiction

and Improper Venue (the "Motion to Dismiss"), seeking dismissal of this action and all claims

alleged against Twitter by Plaintiff because (i) the Court lacks personal jurisdiction over Twitter

and (ii) venue is improper under Va. Code § 8.01-264.  Alternatively, Twitter moved to dismiss

this action on forum non conveniens grounds pursuant to Va. Code § 8.01-265.

2.      A hearing on Twitter's Motion to Dismiss is scheduled for August 23, 2019.

---

[1]      Twitter files this motion by special appearance.  Twitter expressly reserves and does not
waive the arguments set forth in its Motion to Dismiss for Lack of Personal Jurisdiction and
Improper Venue.   Because this motion seeks protection from unauthorized discovery as
contemplated in Va. Code § 8.01-277.1(B)(3) and is "unrelated to adjudicating the merits of the
case," this motion does not reflect or constitute any waiver of any objections to this action
proceeding in this forum, including any objection based on lack of personal jurisdiction. Va. Code
§ 8.01-277.1(B).

3.      On June 24, 2019—after Twitter raised its challenge to personal jurisdiction and venue—Plaintiff sent to Twitter a dozen interrogatories and sixteen requests for production of documents. A copy of Plaintiff's June 24 discovery requests is attached as Exhibit 1.

4.      A protective order excusing Twitter from having to respond to the requests should issue for three independent reasons.

5.      First, Plaintiff has failed to satisfy either the procedural or substantive requirements to seek discovery in the face of a pending challenge to personal jurisdiction. As a procedural matter, Virginia law required Plaintiff to obtain advance authorization from this Court for any jurisdictional discovery, which he has not done. *See* Va. Code § 8.01-277.1(A)(2), (B)(3) (a party waives any objection to personal jurisdiction by "conducting discovery" unless the discovery is "authorized by the court" and "related to adjudicating the [jurisdictional] objection"). And as a substantive matter, Virginia law required Plaintiff to make a prima facie showing of personal jurisdiction over Twitter based on the allegations in his Complaint—a showing that Plaintiff also has not made—before he can obtain jurisdictional discovery. *See Dollar Tree Stores, Inc. v. Mountain Pacific Realty, LLC*, 86 Va. Cir. 206 (Va. Cir. Ct. 2013) (finding that plaintiff must have properly pleaded a prima facie showing of jurisdiction in order to conduct jurisdictional discovery).

6.      Second, the discovery Plaintiff seeks is not relevant to the dispositive issues presented in Twitter's pending Motion to Dismiss and so would in no way assist the Court in resolving that motion. On their face, none of the requests have anything to do with the binding forum selection clause that requires Plaintiff to bring his claims, if at all, in California. And Twitter's challenge to personal jurisdiction is *legal*, not *factual*; it accepts as true (for purposes of the motion to dismiss) all of Plaintiff's non-conclusory factual allegations, including those that

2

Plaintiff now seeks to flesh out via discovery, and challenges only Plaintiff's legal theory of personal jurisdiction. As a result, none of the requests can or do "relate[] to adjudicating [Twitter's] objection" to personal jurisdiction. Va. Code. § 8.01-277.1(B)(3).

7.     Finally, to the extent Plaintiff's discovery requests seek the identity of anonymous Twitter users, those requests are independently barred by both Virginia's unmasking statute, Va. Code § 8.01-407.1, and the First Amendment.

8.     For these reasons, Twitter moves for the entry of a protective order under Va. S. Ct. R. 4:1(c) excusing Twitter from responding to Plaintiff's discovery requests until the Court has ruled on Twitter's Motion to Dismiss.

9.     Twitter intends to file a brief in support of this motion and incorporates the arguments and authorities contained in the brief as part of this motion.

10.     Pursuant to Rule 4:1(c), counsel for Twitter certifies that Twitter has in good faith attempted to confer with Plaintiff's counsel in an effort to resolve the dispute that is the subject of this motion without court action. To date, efforts to resolve this dispute without court action have been unsuccessful.

11.     For these reasons, good cause exists for the Court to grant this motion and enter the requested protective order. Va. S. Ct. R. 4:1(c).

WHEREFORE, for the foregoing reasons, Specially-Appearing Defendant Twitter, Inc. respectfully requests that the Court grant its Motion for Protective Order, enter a protective order excusing Twitter from responding to Plaintiff's discovery requests at least until after the Court has issued a ruling on Twitter's Motion to Dismiss, and that the Court grant such other relief as it deems necessary, just and proper.

3

Dated: July 15, 2019                Respectfully submitted,

                                    TWITTER, INC.

                                    By Counsel

Charles K. Seyfarth (VSB No. 44530)
Elizabeth Scott Turner (VSB No. 88056)
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7137
Facsimile: (804) 403-7110
Email: cseyfarth@ohaganmeyer.com
Email: eturner@ohaganmeyer.com

Patrick J. Carome
Ari Holtzblatt
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: patrick.carome@wilmerhale.com
Email: ari.holtzblatt@wilmerhale.com

*Counsel for Specially-Appearing Defendant Twitter, Inc.*

4

## CERTIFICATE OF SERVICE

I certify that on this 15th day of July 2019, I caused a true and accurate copy of the foregoing to be served by First Class United States Mail, postage prepaid, on the following:

Steven S. Biss, Esquire
300 West Main Street, Suite 102
Charlottesville, Virginia 22903

*Counsel for Plaintiff, Devin G. Nunes*


Roberta A. Kaplan, Esquire
Joshua Matz, Esquire
Benjamin Margo, Esquire
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118

Amy Neuhardt, Esquire
Karen L. Dunn, Esquire
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, D.C. 20005

*Counsel for Defendants Elizabeth A.*
   *Mair & Mair Strategies LLC*



Charles K. Seyfarth (VSB No. 44530)
Elizabeth Scott Turner (VSB No. 88056)
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7137
Facsimile:  (804) 403-7110
Email:  cseyfarth@ohaganmeyer.com
Email:  eturner@ohaganmeyer.com

# Exhibit 1

VIRGINIA:

        IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO

| | | |
|---|---|---|
| DEVIN G. NUNES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CL19-1715 |
| | ) | |
| | ) | |
| TWITTER, INC. | ) | |
| et al | ) | |
| | ) | |
| Defendants. | ) | |

# PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, TWITTER

      Plaintiff, Devin G. Nunes, by counsel, pursuant to Rules 4:1, 4:8 and 4:9 of the Rules of the Supreme Court of Virginia (the "Rules"), hereby requests that Defendant, Twitter, Inc., answer the following interrogatories, separately, in writing and under oath, and produce the following documents for inspection and copying at the law office of Steven S. Biss, Esquire, 300 West Main Street, Suite 102, Charlottesville, Virginia 22903, within the time prescribed by the Rules:

Continued on Next Page

## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" shall mean and include all written, electronic, digital and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, direct messages. iMessages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written, electronic or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2.      "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3.      "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4.      "Plaintiff" means Plaintiff, Devin G. Nunes, including, without limitation, any agent, representative or employee of Plaintiff.

5.      "Twitter" means defendant, Twitter, Inc., including, without limitation, any officer, director, manager, agent, representative or employee of Twitter.

2

6.   "Devin Nunes' Mom" means the creator, owner, holder, sponsor, user, or operator, including, without limitation, all officers, directors, managers, members, shareholders, parents, subsidiaries, partners, agents, representations, employees, associates and/or affiliates of such persons or entities, of the following Twitter account:



7.   "Devin Nunes' cow" means the creator, owner, holder, sponsor, user, or operator, including, without limitation, all officers, directors, managers, members, shareholders. Parents, subsidiaries, partners, agents, representations, employees, associates and/or affiliates of such persons or entities, of the following Twitter account:



8.   "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

3

9.     "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addressees) and their present or last known home and business telephone number(s).   "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an interrogatory, request for production of documents or subpoena duces tecum.   As an alternative to identifying the document, a copy may be attached to your answer.   If any such document was but is no longer in your possession or subject to your control, state what happened to the document.   "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, *e.g.*, letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication.

10.     "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

4

11.    If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged.  Finally, you should state the grounds upon which each document is claimed to be privileged.

12.    The definitions used in Plaintiff's Complaint are restated and incorporated herein by reference.

Continued on Next Page

5

<u>**INTERROGATORIES**</u>

Plaintiff propounds the following interrogatories upon Twitter to be answered separately, in writing and under oath:

1.      Identify the name, address and telephone number of each person likely to have discoverable information that Twitter may use to support any denial of the factual allegations and/or any defenses to the claims in Plaintiff's Complaint, and, for EACH and EVERY such person, describe in detail ALL information known or believed to be known by such person.

**THERE WILL BE AN OBJECTION RAISED TO ANY PERSON CALLED TO TESTIFY OR ANY FACT NOT DISCLOSED IN RESPONSE TO THIS INTERROGATORY.**

**<u>ANSWER</u>:**


2.      In accordance with Rule 4:1(b)(4)(A)(i) of the Rules, identify each person who Twitter expects to call as an expert witness at trial or at any hearing in this action, and, for EACH such person, state the subject matter on which the witness is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

**THERE WILL BE AN OBJECTION RAISED TO ANY PERSON CALLED TO TESTIFY OR ANY FACT NOT DISCLOSED IN RESPONSE TO THIS INTERROGATORY.**

**<u>ANSWER</u>:**

6

3.     Identify all users of Twitter who reside or work in Virginia.

**ANSWER:**


4.     Identify all persons (including individuals, sole proprietorships, associations, trusts, partnerships, limited liability companies, and corporations) whose homes or offices are located in Virginia, and with whom Twitter conducted any business activity between March 18, 2014 and March 18, 2019.

**ANSWER:**


5.     For each person identified in the preceding interrogatory, describe in detail the business activity conducted by Twitter with such person between March 18, 2014 and March 18, 2019, including, without limitation, all revenue and/or income generated or derived by Twitter from such person(s), and PRODUCE all tax returns, financial statements, ledgers or other records that evidence such revenue and income.

**ANSWER:**


6.     Identify the number of times Twitter (including, without limitation, its officers, directors, agents, representatives and/or employees) has been physically present in Virginia on business between March 18, 2014 and March 18, 2019, and describe in detail the purpose and nature of such business and the duration of the visit(s).

**ANSWER:**

7.      Identify all advertising by Twitter that is undertaken with agencies located in Virginia or that is targeted to persons who live or work in Virginia or that is embedded in the homepage or timeline of any Twitter user that lives or works in Virginia.

**ANSWER**:

8.      Identify all property located in Virginia, both real and personal (including, without limitation, (a) deeds, deeds of trust, leases, contracts, agreements, notes, instruments, security, furniture, fixtures, equipment, inventory, intellectual property, choses in action, or receivables performed or performable in Virginia, (b) bank or brokerage accounts located in Virginia, or (c) shares, membership interests, units, or other legal or beneficial interests in associations, trusts, partnerships, limited liability companies, and/or corporations formed under Virginia law) in which Twitter had any title or legal, equitable or beneficial interest between March 14, 2016 and March 18, 2019.

**ANSWER**:

9.      Identify and/or PRODUCE copies of records of all telephone calls made by any agent or employee of Twitter (from any land line, cell phone, computer, iPad, Blackberry or other electronic device) to any person known or believed to be located in Virginia or to area codes 276, 434, 540, 571, 703, 757 and/or 804 between March 18, 2014 and March 18, 2019 relating to any business, either actual (ongoing or completed) or prospective.

**ANSWER**:

8

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff requests Twitter to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THE FOLLOWING REQUEST FOR PRODUCTION OF DOCUMENTS SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DATED OR FOR THE TIME PERIOD FROM <u>MARCH 18, 2014 AND MARCH 18, 2019</u> (THE "RELEVANT PERIOD")**

**IF TWITTER HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

1.    All documents requested to be produced in and by the above Interrogatories.

2.    Financial statements, balance sheets, and income and expense statements for the years 2014, 2015, 2016, 2017 and 2018 (year-to-date) that evidence or reflect income received from business transacted in Virginia.

3.    Federal or State income tax returns for the years 2014, 2015, 2016, 2017 and 2018, including all W2s, 1099s, notes, statements, and accompanying workpapers, that evidence or reflect income received from business transacted in Virginia.

4.    Account statements, monthly, quarterly and year-end, for any account in the name of Twitter, or controlled or beneficially owned by Twitter at any federal lending institution, bank, credit union, and/or brokerage located in Virginia.

5.    Contracts or agreements between Twitter and any person or business (including individuals, sole proprietorships, associations, trusts, partnerships, limited liability companies, and corporations) performed or performable in Virginia.

6.    Deeds, deeds of trust, mortgages, leases, licenses, bills of sale, purchase orders, bills of lading, titles, security agreements, tax bills, certificate of incorporation, certificate of organization, certificate of partnership, by-laws, operating agreements, trust agreements, and other documents that constitute, evidence, demonstrate or show any interest, legal, equitable or beneficial, by Twitter in any real or personal property located in Virginia.

7.      All documents that evidence, demonstrate, show or reflect the conduct or transaction of any business in Henrico County, Virginia, by Twitter, including, without limitation, copies of complaints and other papers served on Twitter's registered agent in Henrico County.

8.      All internal email communications and text messages by and between officers, directors, agents, or employees of Twitter that mention Plaintiff or that are of and concerning Plaintiff.

9.      All account creation or account opening documents and information relating to Twitter account @DevinNunesMom, including, without limitation, username registrations, phone numbers, associated phone numbers, emails, email verification requests, email verifications, SMS text messages, text message verifications, transcripts of voice calls, and/or passwords or login verifications, that were submitted or transmitted to Twitter by any person and all updates of such information submitted or transmitted to Twitter after the creation of @DevinNunesMom.

10.     Copies of all tweets, retweets, replies, likes, postings, messages or written content of any kind or nature posted by @DevinNunesMom that mention Plaintiff or that are of and concerning Plaintiff.

11.     All account creation or account opening documents and information relating to Twitter account @DevinCow, including, without limitation, username registrations, phone numbers, associated phone numbers, emails, email verification requests, email verifications, SMS text messages, text message verifications, transcripts of voice calls, and/or passwords or login verifications, that were submitted or transmitted

to Twitter by any person and all updates of such information submitted or transmitted to Twitter after the creation of @DevinCow.

12.     Copies of all tweets, retweets, replies, likes, postings, messages or written content of any kind or nature posted by @DevinCow that mention Plaintiff or that are of and concerning Plaintiff.

13.     A copy of any insurance agreement or policy under which an insurance business may be liable to satisfy all or part of a possible judgment against Twitter in this action or to indemnify or reimburse for payments made to satisfy the judgment.


**THESE REQUESTS ARE CONTINUING IN NATURE AS PROVIDED FOR IN THE RULES.**

**PLAINTIFF HEREBY REQUESTS THAT TWITTER SUPPLEMENT ITS DISCOVERY RESPONSES IMMEDIATELY UPON RECEIPT OF ADDITIONAL DOCUMENTS AND INFORMATION.**


DATED:       June 24, 2019


Signature of Counsel on Next Page

12

DEVIN G. NUNES

By: _____
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:      (804) 501-8272
      Facsimile:      (202) 318-4098
      Email:          **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019 a copy of the foregoing was served electronically in PDF and by regular mail upon counsel for the Defendants.

By: _____
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:      (804) 501-8272
      Facsimile:      (202) 318-4098
      Email:          **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

13