# EXHIBIT L

**SUBPOENA DUCES TECUM (CIVIL) -**
**ATTORNEY ISSUED** VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia Supreme Court Rules 1:4,4:9

Case No.: CL19-1715

November 30, 2019
HEARING DATE AND TIME

County of Henrico Circuit Court

P.O. Box 90775, 4301 East Parham Road, Henrico, VA 23273
COURT ADDRESS

Devin G. Nunes **v./*In re*:** Twitter, Inc. et al.

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon

Adam Parkhomenko
NAME

Serve: Adam Parkhomenko, 4010 University Drive, Suite 101
STREET ADDRESS

| Fairfax | Virginia | 22030 |
|---|---|---|
| CITY | STATE | ZIP |

**TO the person summoned:** You are commanded to make available the documents and tangible things designated and described below:

SEE ATTACHED

at 300 West Main Street, Suite 102, Charlottesville, VA 22903 at 11/30/2019 @ 10:00 a.m.
LOCATION DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

Plaintiff, Devin G. Nunes
PARTY NAME

| | |
|---|---|
| Steven S. Biss, Esquire | 32972 |
| NAME OF ATTORNEY | VIRGINIA STATE BAR NUMBER |
| 300 West Main Street, Suite 102 | 804-501-8272 |
| OFFICE ADDRESS | TELEPHONE NUMBER OF ATTORNEY |
| Charlottesville, VA 22903 | 202-318-4098 |
| OFFICE ADDRESS | FACSIMILE NUMBER OF ATTORNEY |
| October 31, 2019 | |
| DATE ISSUED | SIGNATURE OF ATTORNEY |

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE (see page two of this form)**

FORM DC-498 (PAGE ONE OF TWO) 7/01 PDF

**TO the person summoned:**
If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

---

☒ **This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.**

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME: ..........

ADDRESS: ..........

..........

☐ PERSONAL SERVICE | Tel. No. ..........

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

..........

..........

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ not found | .........., Sheriff

.......... by .........., Deputy Sheriff
DATE

## CERTIFICATE OF COUNSEL

I, Steven S. Biss, counsel for Plaintiff, hereby certify that a copy of the foregoing subpoena duces tecum was emailed and mailed (DELIVERY METHOD) to All Counsel of Record, counsel of record for the Defendants, on the 31st day of October, 2019.

[signature]
SIGNATURE OF ATTORNEY

# ATTACHMENT TO SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1. The term "document" shall mean and include all written, electronic, digital and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, direct messages. iMessages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written, electronic or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2. "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3. "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4. "Plaintiff" means Plaintiff, Devin G. Nunes, including, without limitation, any agent, representative or employee of Plaintiff.

5. "Twitter" means defendant, Twitter, Inc., including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Twitter.

6. "Mair" means defendant, Elizabeth A. "Liz" Mair, including, without limitation, any attorney, agent, representative or employee of Mair.

7. "Mair Strategies" means defendant, Mair Strategies, LLC, including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Mair Strategies.

8. "Swamp" means The Swamp Accountability Project (FEC # C30002869), including, without limitation, any officer, director, manager, attorney, agent, representative or employee of Swamp.

9. "DevinNunesMom" means the creator, owner, holder, sponsor, user, users, operator or operators, including, without limitation, all officers, directors, managers, members, shareholders, parents, subsidiaries, partners, attorneys, agents, representations, employees, associates and/or affiliates of such persons or entities, of the following Twitter account:

10. "DevinCow" means the creator(s), owner(s), holder(s), sponsor(s), user or users, operator or operators, including, without limitation, all officers, directors, managers, members, shareholders, parents, subsidiaries, partners, attorneys, agents, representations, employees, associates and/or affiliates of such persons or entities, of the Twitter account **@DevinCow**:

Follow

**Devin Nunes' cow**

@DevinCow

Hanging out on the dairy in Iowa looking for the lil' treasonous cowpoke.
TheRealDevinCow@gmail.com

United States Joined August 2017

**1,581** Following **498K** Followers




Follow

**Devin Nunes' cow** 🐮

@DevinCow

Hanging out on the dairy in Iowa looking for the lil' treasonous cowpoke.
TheRealDevinCow@gmail.com therealdevincow.tumblr.com

United States Born October 1, 1973 Joined August 2017

**55K** Following **622.1K** Followers





11. "Parkhomenko" means Adam Parkhomenko, including any committee or political action committee with which Parkhomenko is or was affiliated, any partner, associate, attorney, agent, representative and employee of Parkhomenko.

12. "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

13. "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addressees) and their present or last known home and business telephone number(s). "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an interrogatory, request for production of documents or subpoena duces tecum. As an alternative to identifying the document, a copy may be attached to your answer. If any such document was but is no longer in your possession or subject to your control, state what happened to the document. "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, *e.g.,* letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication.

14. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or

relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

15. If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged. Finally, you should state the grounds upon which each document is claimed to be privileged.

Continued on Next Page

**SUBPOENA FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests Parkhomenko to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THIS SUBPOENA SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DATED OR FOR THE TIME PERIOD FROM MARCH 19, 2019 AND THE PRESENT (THE "RELEVANT PERIOD")**

**IF PARKHOMENKO HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

1. Any document that identifies the name(s) and/or address(es) of the user or users of Twitter account **@DevinCow**.

2. Any document that identifies the name(s) and/or address(es) of the user or users of Twitter account **@DevinNunesMom**.

3. All communications, including emails, text messages, direct messages and iMessages, between Parkhomenko and the user or users of Twitter account **@DevinCow**.

4. All communications, including emails, text messages, direct messages and iMessages, between Parkhomenko and the user or users of Twitter account **@DevinNunesMom**.

5. All communications between Parkhomenko and any person relating to the action, *Nunes v. Twitter*, Case No. CL19-1715 (Henrico County) (the "Twitter Action").

6. All communications between Parkhomenko and Twitter that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

7. All communications between Parkhomenko and Mair that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.

8. All communications between Parkhomenko and Mair Strategies that mention Plaintiff, that are of and concerning Plaintiff, or that relate to the Twitter Action.