UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| In Re Subpoena To Twitter, Inc. ) | |
| ) | |
| ) | Misc. Case No. 3:20mc00003 |
| TREVOR FITZGIBBON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:19-cv-477-REP |
| ) | |
| vs. ) | |
| ) | |
| JESSELYN A. RADACK, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR SANCTIONS**

Defendant Jesselyn A. Radack ("Radack"), by counsel, requests that this Court impose sanctions upon Plaintiff Trevor Fitzgibbon ("Plaintiff" or "Fitzgibbon") and his counsel pursuant to this Court's inherent authority, and in support thereof, states as follows:

**INTRODUCTION**

A federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct. *United States v. Henry (In re White),* Case No. 2:07cv342, 2013 US Dist. LEXIS 133148, *105-108 (E.D. Va. Sept. 13, 2013). The Subpoena at issue which includes, *inter alia,* politically motivated requests to unmask @DevinCow, an anonymous speaker who has no relevance or connection to the underlying case is not innocent error. Moreover, the offensive, disparaging, materially false, and wholly unnecessary characterizations of Radack set forth in Fitzgibbon's Opposition to Twitter's Motion to Quash is a pattern of misconduct, not a one-off

occurrence. The imposition of sanctions in the instant case is warranted due to Fitzgibbon and his counsel's pronounced abuses of the subpoena power and bad faith discovery and litigation tactics.

## LEGAL STANDARD

The most prominent of a court's inherent powers is the power to hold a party, a witness, a lawyer, even a spectator in contempt. *Schutts v. Bently Nevada Corp.*, 966 F. Supp. 1549, 1561 (D. Nev. 1997) *citing Ex Parte Robinson,* 86 U.S. 505, 510 (1873). A court may also award a sanction in the form of an attorney's fee to a prevailing party if the opposing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975); *Jung v. Jung*, 844 A.2d 1099, 1107-08 (D.C. 2004); *see also Hall v. Cole*, 412 U.S. 1, 5 (1973); *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, (1968). The Supreme Court has stated that such sanctions can be imposed by a court pursuant to its "inherent power to police itself." *Chambers v. Nasco, Inc.,* 501 U.S. 32, 46 (1991). The court explained that the imposition of sanctions "serv[es] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* (citation and quotation marks omitted). "This inherent power is not affected, supplanted, or otherwise constrained by the existence of statutory and rule-based authority to shift attorneys' fees onto a party or counsel, but remains an independent source of fee-shifting authority." *Schutts,* 966 F. Supp. at 1561 *citing Chambers*, 501 U.S. at 46. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44, 45. Moreover, "[s]anctions are available for a variety of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

**ARGUMENT**

**I.    Counsel for Plaintiff and Plaintiff Should be Sanctioned for Issuing a Subpoena in the Instant Case to Gain a Discovery Advantage in a Wholly Unrelated Case.**

Attorney Steven S. Biss represents the plaintiff in the lawsuit *Fitzgibbon v. Radack,* 3:19-cv-00477-REP (the "*Fitzgibbon* Litigation") pending in the United States District Court for the Eastern District of Virginia. The gravamen of the case between Fitzgibbon and Radack concerns allegations of fraudulent inducement, breach of contract and defamation related to the settlement of prior claims between them. On December 21, 2020, Fitzgibbon issued a Subpoena (the "Subpoena") to non-party Twitter, Inc. ("Twitter") in connection with the *Fitzgibbon* Litigation. A copy of the Subpoena is attached hereto as Exhibit 1. In this Subpoena, counsel for Fitzgibbon seeks, *inter alia,* identifying information about the Twitter account @DevinCow, however, this Twitter account and the individual(s) behind it have no connection to the *Fitzgibbon* Litigation whatsoever.

"Devin Nunes' Cow" is an anonymous Twitter user which purports to be a cow owned by Devin Nunes, a politician and former dairy farmer serving as U.S. Representative for California's 22nd Congressional District. The account @DevinCow posts satirical content regarding Mr. Nunes on Twitter. Mr. Biss has filed suit against @DevinCow and Twitter on behalf of Mr. Nunes in Henrico County Circuit Court. *Devin Nunes v. Twitter, @DevinCow, et al.,* CL19-1715-00 (Va. Cir. Ct. Henrico City) (the "*Nunes* Case"). Neither the @DevinCow account nor the *Nunes* Case are in any way relevant to the allegations or defenses advanced in the *Fitzgibbon* Litigation, except for the fact that Mr. Biss represents the plaintiffs in both lawsuits. A detailed history of Mr. Biss' incessant but unsuccessful attempts to unmask @DevinCow in the *Nunes* case are set forth in Twitter's Motion to Quash (Dkt. No. 2 at 4-7). Mr. Biss now seeks to circumvent the discovery

3

hurdles encountered in the *Nunes* Case by requesting the identity of @DevinCow is the instant lawsuit.

In not one of the pleadings filed in the six lawsuits concerning Radack which Fitzgibbon has either initiated or appeared in, has Fitzgibbon (or Radack) made a single reference to @DevinCow. *See Fitzgibbon v. Radack,* 3:18-cv-247-REP, United States District Court for the Eastern District of Virginia ("EDVA"); *Fitzgibbon v. Radack,* 3:19-cv-00477-REP, EDVA; *Fitzgibbon v. Institute for Public Accuracy* (Radack's employer), 3:19-cv-00102, EDVA; *In re: Jesselyn Radack,* 18-00634-SMT, United States Bankruptcy Court for the District of Columbia; *In re Jesselyn Radack,* Adv. Proc. No. 18-03095, United States Bankruptcy Court for the EDVA. The first reference by Fitzgibbon in any pleading to the @DevinCow account appears in Fitzgibbon's Opposition to Twitter's Motion to Quash ("Opposition Brief") filed with this Court on February 10, 2020 (Dkt. No. 6). Fitzgibbon's rambling and disjointed 59-page Opposition Brief is replete with irrelevant facts, delusional narratives, unwarranted mudslinging, and offensive and argumentative commentary, much of which does not address the Subpoena at all.

On page 53 of the Opposition Brief, Fitzgibbon makes the unsubstantiated assertion that @DevinCow is a "potential witness[] to Radack's breaches of the settlement agreement" or a "participant[] in the conspiracy to defame" him.  Yet, Fitzgibbon does not dispute the fact that none of the pleadings filed in the *Fitzgibbon* Litigation even reference @DevinCow.  Fitzgibbon also highlights four Tweets which he suggests substantiate this Subpoena request, however, all four of the Tweets were posted *after* the Subpoena was issued. *See* Opp. 30, 40, 41.  In sum, Fitzgibbon's Opposition Brief only underscores the lack of good faith and perspicuous motive behind this Subpoena request which is to gain advantage in Mr. Biss' wholly unrelated lawsuit because that court has denied Mr. Biss the relief he seeks there.  Fitzgibbon and his counsel's

patently improper litigation conduct and misuse of the Subpoena authority comes at great monetary and personal expense to Radack and should be sanctioned by this Court.

> II. **Sanctions are Warranted Due to this Ongoing Pattern of Misconduct Intended to Garner Media Attention While Also Harassing and Intimidating Radack and Unrelated Third Parties.**

In a sanctions motion currently pending against Mr. Biss in a different defamation case, *Lokhova v. Halper,* Case No. 1:19-cv-00632-LMB-JFA, EDVA, the defendant argues that Mr. Biss "has brought multiple suits with pleadings labeling adversaries with vitriolic insults to advance ulterior political and legal agendas and investigations, which have now ripened into efforts at witness intimidation." See Exhibit 2, Mem. in Support Motion for Sanctions (Dkt No. 36); Exhibit 3, Supplemental Mem. in Support Motion for Sanctions at 6 (Dkt. No. 85-1). The exact same bad faith tactics are exhibited in connection with the instant Subpoena. Not only is the request for identifying information regarding @DevinCow an attempt to garner media attention and further his client Devin Nunes' political agenda, but the references to and/or requests for communications from, individuals such as @sparrowmedia (Activist and Author Andy Stepanian), @charliearchy (Writer at the Guardian, the Daily Beast, and Columbia Journalism Review), Adam Parkhomenko (Democratic Strategist), and other journalists, whistleblowers, and progressives are obvious attempts to target, silence and intimidate disfavored media and political adversaries.[1] Exhibit 1 at 10, 11, 13.

---

[1] These individuals have no connection to the *Fitzgibbon* Litigation, however, they are media who have expressed viewpoints which contradict those of Fitzgibbon and his counsel. Mr. Biss has a habit of targeting media seeking to deter further reporting of differing views, which include the several lawsuits he has brought on behalf of Devin Nunes against: a stone fruit farmer and two others for conspiring to damage his 2018 reelection by asking Nunes not to be allowed to call himself a "farmer" on the ballot; research firm Fusion GPS and Campaign for Accountability for attempting to interfere with his "investigation" into ties between President Trump and Russia while chairman of the House Intelligence Committee; McClatchy, parent company of newspaper the *Fresno Bee,* for publishing his financial interest in a winery; and *Esquire* magazine and journalist Ryan Lizza for an article about the Nunes family's Iowa dairy farm. See Exhibit 4 (*LA Times* article listing Mr. Biss' pending lawsuits); Exhibit 5 (*Fresno Bee* Article discussing Mr.

As discussed in both Radack and Twitter's Motions to Quash, all of the requests in Fitzgibbon's Subpoena suffer from a litany of substantive defects. Instead of addressing those defects Fitzgibbon in both his Statement of Additional Evidence (Dkt. No. 11) and Opposition Brief chose to publicize and disseminate degrading and materially false accusations against Radack. For example, the Opposition Brief states that Radack "ignores evidence preservation obligations and spoliates evidence of her communications," when in reality no evidence of spoliation has ever been produced by Fitzgibbon, much less raised by Fitzgibbon in any proceeding. Opp. 5. Fitzgibbon also states that Radack "does not behave like an attorney" that "she behaves as if she is a political operative or an undercover government agent" and he describes her conduct as "atrocious." Opp. 4, 7. He also makes countless flippant references to "cog fog" and her medical condition in an apparent attempt to denigrate the seriousness of the chronic neurologic and degenerative disease from which Radack suffers.[2] Opp. 7, 8, 44. Fitzgibbon's offensive comments regarding Radack serve no legal purpose, are unnecessary to address the arguments raised in the Motions to Quash and should not be excused or overlooked by this Court.

---

Biss' politically motivated lawsuits); Exhibit 6 (Lawsuit filed by Mr. Biss against CNN on December 3, 2019 seeking damages in the amount of $435 million for publishing a November 22, 2019 article on Nunes); *See also* Exhibit 2 at 6-13 (outlining cases in which, like here, Mr. Biss has improperly targeted media under the guise of an implausible conspiracy).

[2] Radack has battled Multiple Sclerosis ("MS"), a disease that progressively attacks the central nervous system, for 23 years. On pages 7 and 8 of his Opposition Brief, Fitzgibbon argues that Radack lied under oath because she submitted a declaration in a prior case stating that she suffers from MS which makes it difficult for her to *drive*. Fitzgibbon concludes that her declaration related to her medical condition must have been false because Radack *flew* to a human rights conference in Toronto, Canada in May of 2018. Fitzgibbon then boldly asserts that Radack "was photographed [after the conference] drinking beer with her long-time associate," when in fact the photograph he relies upon does not show Radack holding a beverage or drinking beer. Indeed, Radack cannot consume alcohol because of potential interactions with medications she takes for MS. Fitzgibbon and his attorney's lack of awareness and blatantly false and degrading commentary regarding the seriousness of Radack's disability is wholly inappropriate.

This Court may consider the litigation history of counsel in determining the level of misconduct that may justify the exercise of a federal court's inherent authority to impose sanctions. As explained in the *Goodman* case:

> Although courts should certainly be circumspect in exercising their inherent authority, if a court becomes aware of a pattern of abusive litigation conduct by a particular attorney or litigant, it is incumbent upon that court to take appropriate steps to put an end to such opprobrious behavior. Failing to do so is unfair to the parade of opposing parties injured by the offending attorney or party's conduct in that case and in future cases, and to other litigants, whose cases are delayed as a result of the court's repeated need to address the offending attorney or party's meritless or bad-faith activities. Where courts have previously reprimanded an attorney and that attorney has since failed to heed these courts' warnings, that behavior must be considered in determining whether an attorney's actions in the pending case were undertaken in bad faith and, if so, what, if any, sanctions might be necessary to deter that attorney's similar activities in the future.

*Goodman v. Tatton Enterprises, Inc.,* Case No. 10-60624, 2012 US Dist. LEXIS 71660, at *7-8 (S.D. Fl. May 23, 2013). A pattern of wrongdoing may require a stiffer sanction than an isolated incident, and the bad faith litigation tactics exhibited by counsel for Fitzgibbon in the instant litigation are just the tip of the iceberg. Notably, counsel for Fitzgibbon has embarked upon similar campaigns of misrepresenting facts and vilifying parties in a series of defamation lawsuits. On July 25, 2019, US District Court Judge Hannah Lauck, in another defamation action brought by Mr. Biss, warned Mr. Biss that "as an officer of the Court, he may be sanctioned for engaging in conduct unbefitting of th[e] Court," and ordered him refrain from lodging "*ad hominem* attacks" on other litigants. See Exhibit 7 at 7-8. Sanctions motions are also pending against Mr. Biss in the *Lokhova v. Halper* case for, among other things, misusing the litigation process to launch politically-motivated attacks and in the *Butowsky v. Folkenflik, et al.* case for knowingly pleading false allegations. See Exhibits 2, 3, and 8. Mr. Biss has also had his law license suspended and has been disciplined several times. See Exhibit 9, Mem. Order, *Va. St. Bar, ex rel Third Dist. Comm. v. Biss,* Case No. CL07-1846, Cir. Ct. of the Cnty. of Chesterfield (suspending Biss one

year and one day); Exhibit 10, Order of Suspension, *In the Matter of Steven Scott Biss,* VSB Docket No. 09-032-078962 (suspension for "conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law" by holding himself out as an attorney while his license was suspended); Exhibit 11, Mem. Order, *In the Matter of Steven Scott Biss,* VSB Docket No. 07-033-070921 (publicly reprimanding Biss).  Based upon counsel for Fitzgibbon's pattern of vexatious and abusive litigation tactics, and the improper Subpoena abuses and harassing conduct at issue in the instant case, the imposition of joint and several monetary sanctions against Fitzgibbon and his counsel are appropriate here.

WHEREFORE, Jesselyn Radack respectfully requests that the Court grant the instant Motion, award Radack her attorney's fees, costs, and such other and further relief as the Court deems proper.

Dated this 25th day of February, 2020

                                                                /s/ D. Margeaux Thomas
                                                 D. Margeaux Thomas (VSB #75582)
                                                 The Thomas Law Office PLC
                                                 11130 Fairfax Blvd., Suite 200-G
                                                 Fairfax, VA 22030
                                                 Telephone: 703.957.2577
                                                 Facsimile: 703.957.2578
                                                 Email: mthomas@thomaslawplc.com
                                                 *Counsel for Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

Charles K. Seyfarth
Mary Grace Miller
O'HAGAN MEYER
411 East Franklin St, Suite 500
Richmond, Virginia 23219

Patrick J. Carome
Ari Holtzblatt
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for Non-Party Twitter, Inc.*

        /s/  D. Margeaux Thomas
        D. Margeaux Thomas (VSB #75582)