CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

02/25/2020

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| In Re Twitter, Inc. | ) | Misc. Case No. 3:20MC00003 |
| | ) | |
| TREVOR FITZGIBBON, | ) | Action currently pending in U.S. District Court E.D.Va. (Case No. 3:19-CV-00477-REP) |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| JESSELYN A. RADACK, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This matter is before the court on motions filed by Twitter, Inc. and Jesselyn A. Radack to quash a subpoena. For the reasons stated, the court will sua sponte transfer this action to the United States District Court for the Eastern District of Virginia.

**Background**

On June 28, 2019, Trevor Fitzgibbon filed a defamation action against Jesselyn Radack in the United States District Court for the Eastern District of Virginia, which is currently pending before Judge Robert Payne in the Richmond Division. Fitzgibbon v. Radack, 3:19-CV-00477 (E.D. Va.) (the "Underlying Action"). Judge Payne has held hearings and ruled on several motions by the parties, but has yet to decide a motion to dismiss Fitzgibbon's second amended complaint for lack of personal jurisdiction and subject matter jurisdiction. In addition, a recent motion to further amend Fitzgibbon's complaint awaits decision.

The subpoena giving rise to Twitter's motion was issued by the Eastern District of Virginia, and requests six categories of documents or information from Twitter. ECF No. 4-1. The motion provides numerous reasons why Twitter believes the information sought is improper, including arguments based on relevance and the appropriate scope of discovery in the Underlying Action.

ECF No. 2. Twitter also requests an award of attorneys' fees and costs. Id. Since Twitter's motion, Radack has filed her own motion to quash. Radack also provides arguments based on relevance, and argues that this subpoena presents evidence of "improper motive, bad faith, and abuse of the subpoena power." ECF No. 15. A motion for leave to file an amicus brief has been submitted in support of Twitter's motion as well.

**Discussion**

Subpoenas are governed by Federal Rule of Procedure 45. Under Rule 45, the court where compliance is required (i.e., this court) may transfer a motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Where exceptional circumstances exist, a court may transfer [] a subpoena-related motion sua sponte." Victim Servs., Inc. v. Consumer Fin. Prot. Bureau, 298 F. Supp. 3d 26, 28 (D.D.C. 2018); see also Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc., No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015) ("In light of the exceptional circumstances at hand, this Court acts sua sponte, and transfers the motion" to the Court from which the subpoena issued.).

The Advisory Committee Notes recognize the risk of inconsistent rulings as an exceptional circumstance and provide that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendments. Accordingly, courts regularly hold that the avoidance of inconsistent results in discovery is an exceptional circumstance that warrants transfer of subpoena-related motions. See, e.g., Victim Servs., Inc., 298 F. Supp. 3d at 28 (transferring motion to compel sua sponte where "resolving the parties' dispute over relevance would require the court to resolve a difficult and contested legal question that may prove central

2

to the underlying" case); The Dispatch Printing Co. v. Zuckerman, No. 16-CV-80037, 2016 WL 335753, at *3 (S.D. Fla. Jan. 27, 2016) (transferring action where "there [was] a demonstrable risk of inconsistent discovery rulings, which the Advisory Committee Notes expressly recognize as an exceptional circumstance"). Transfer is appropriate where these interests "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendments.

Here, many issues in the instant motions to quash would require this court to rule on questions of substantive relevance and the appropriate scope of discovery for Fitzgibbon's claims. For example, Twitter argues that Fitzgibbon cannot show that the information sought by Requests 1–3 is "necessary to advance his claims," relying on First Amendment protections granted to anonymous speakers. ECF No. 2 at 11–16. Similarly, Twitter argues that Fitzgibbon cannot show that Requests 3 and 6 are relevant to his claims in the Underlying Action. Id. at 21–22. Twitter also claims that the documents sought by Requests 3–6 are available from Radack. Id. at 19–20. Whether they are—and whether they should be—is a question of the proper scope of discovery in the Underlying Action. The risk of inconsistent rulings on these matters justifies a transfer. See Victim Servs., Inc., 298 F. Supp. 3d at 28; Duck v. United States Sec. & Exch. Comm'n, 317 F.R.D. 321, 324–25 (D.D.C. 2016) (finding exceptional circumstances where court supervising the underlying action had yet to decide "(1) whether any future discovery will be permitted, and (2) if discovery will be permitted, what the permissible scope of such discovery will be").

Likewise, Twitter requests fees and costs under Rule 45(d)(1), arguing that the subpoena is an undue burden and that Fitzgibbon sought the subpoena "in bad faith, [or] for an improper purpose." ECF No. 2 at 23 (quotation marks omitted). Twitter may well be entitled to fees. However, Judge Payne is best equipped to determine whether the burden imposed by the subpoena

would be reasonable in light of the merits of the Underlying Action. Parker Compound Bows, Inc., 2015 WL 7308655, at *2 (N.D. Ohio Nov. 19, 2015) (court supervising underlying action was "far better suited" to address questions of discovery abuse).

In similar fashion, the Underlying Action may yet be dismissed for lack of personal jurisdiction, and Fitzgibbon has moved to amend his complaint. The court believes it would not serve judicial economy to rule on the merits of the subpoena until those matters are resolved. Wultz v. Bank of China, Ltd, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions to quash when transferring the matter is in the interests of judicial economy.") (internal quotation marks omitted). As a result, the court concludes that "exceptional circumstances" exist, which warrant transfer of this matter to the Eastern District of Virginia, where the Underlying Action remains pending.

Finally, the court considers what burden a transfer might place on Twitter. Twitter is not a "local" nonparty, which was the "prime concern" contemplated by the Advisory Committee Notes. Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendments. Instead, Twitter is headquartered in California. ECF No. 2 at 10 n.3. Twitter states that it could have filed its motion in California, but "elected not to assert its right to do so," and has expressed no particular interest of its own in resolving this matter in this District. Id. The court believes that the benefits of transfer to the Eastern District of Virginia outweigh any additional burden to Twitter, especially because Twitter chose to file its motion in this state, and Twitter's counsel of record in this action is based in Richmond and Washington, D.C. See Zuckerman, 2016 WL 335753, at *4 (finding no undue burden based on transfer where responding party had filed a motion to quash in the transferee state).

4

## Conclusion

For the reasons stated, the court will transfer this action to the United States District Court for the Eastern District of Virginia. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 13rd day of February, 2020.

/s/ Gly Conrad
Senior United States District Judge