IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In Re Subpoena to Twitter, Inc. | ) | Misc. Case No. 3:20-mc-00005-REP |
| | ) | (Transferred to from the W.D. Va.) |
| | ) | |
| TREVOR FITZGIBBON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-477-REP |
| | ) | |
| | ) | |
| JESSELYN A. RADACK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to the Local Civil Rule 7(F), respectfully submits the following Memorandum in Opposition to the motion for sanctions [*ECF No. 20*] filed by defendant, Jesselyn Radack ("Radack").

## **I. INTRODUCTION**

The litigation process is – or should be – a search for the truth. *Littlewood v. Federal Realty Inv. Trust*, 2014 WL 6713468, at * 2 (Sup. Mass. 2014); *id. Bartsch v. Lage*, 2019 WL 166206, at * 6 (N.J. Super. 2019) ("The discovery rules are to be construed liberally and broadly to facilitate the search for the truth during litigation"); *Riley v. Goodman*, 315 F.2d 232, 234 (3rd Cir. 1963) ("We have long abandoned the adversary system of litigation which regards opposing lawyers as players and the judge as a mere umpire whose only duty is to determine whether infractions of the rules of the

game have been committed. A trial is not a contest but a search for the truth so that justice may properly be administered.").

Plaintiff is engaged in lawful discovery. He is in search of evidence to support his claims that Radack breached the settlement agreement; that Radack defamed him; and that she conspired with others to do so. After Radack claimed "cog fog" and "memory issues"[1] and failed to fully respond to a discovery request, seeking the identity of all persons to whom Radack published statements of and/or concerning the Plaintiff after April 9, 2019 – the date the parties signed the settlement agreement – **_and_** after Radack further refused to produce her private direct messages, Plaintiff issued a subpoena to Twitter to obtain copies of Radack's private messages and information about certain users of Twitter known to be in contact with Radack, so that Plaintiff could issue subpoenas to those third-parties and take depositions.

Plaintiff's fear that Radack was in secret communications with third-parties was completely justified. Plaintiff was right not to trust Radack's representations. In truth,

---

[1] In response to Plaintiff's interrogatory no. 2, Radack stated as follows:

> 2. Identify ALL persons to whom Radack made or published any statement of and/or concerning Fitzgibbon between April 9, 2019 and the present (excluding only legal counsel).
>
> **Response:** Ms. Radack suffers from memory issues which are commonly termed "cog fog" or MS-related brain fog. This is related both to her underlying disease and the side effects of the approximately ten medications she takes to treat and manage this illness. Cog fog is also a symptom that a majority of people with MS experience.
>
> With that caveat, since April, Ms. Radack has spoken about Fitzgibbon to:
>
> a) Travelers Home and Marine representative Chris Newkirk;
> b) Her doctors including her gynecologist and therapist;
> c) Her husband;
> d) Her colleague Kathleen McClellan;
> e) Beth Bogaerts, a witness to Fitzgibbon's obsession with and harassment of Radack;
> f) Thomas Drake, a former client and family friend.

there are private direct messages between Radack and multiple third parties that violate the settlement agreement. Most likely, there are a substantial number of such direct messages and private communications.

Radack cannot *and does not* deny that private direct messages exist. In an effort to streamline the discovery process and save cost and expense, Plaintiff's counsel sensibly requested Radack to authorize Twitter to produce the direct messages, which would have allowed the contents of the direct messages to be disclosed under the Stored Communications Act, **but Radack refuses to consent**.

Instead of complying with lawful discovery requests or facilitating compliance, Radack filed a motion for sanctions in which she alleges that Plaintiff's Subpoena to Twitter is a "politically motivated" request to "unmask" a Twitter user, @DevinCow – a Twitter user with whom Radack has been in constant contact since April 2019.[2] In her motion, Radack repeats the following generalized statements and demands that Plaintiff accept them as true:

- "this Twitter account [@DevinCow] and the individual(s) behind it have no connection to the *Fitzgibbon* Litigation whatsoever";

- "the @DevinCow account [is not] … in any way relevant to the allegations or defenses advanced in the *Fitzgibbon* Litigation".

Plaintiff does not accept Radack's statements. Radack chose to communicate privately via direct messages with the user or users of the @DevinCow Twitter account. Radack

---

[2] If there were no relevant communications between Radack and the user or users of the @DevinCow Twitter account, then both Radack and Twitter would have simply said "**we have no documents**". Radack and Twitter are going to extreme and unwarranted lengths to keep this relevant information from Plaintiff.

also chose to tag @DevinCow on public tweets that violate the settlement agreement. Radack chose to make @DevinCow a potential witness, whose deposition can and should be taken in this matter.³ Given Radack's known proclivity for communicating defamatory statements about Plaintiff to total strangers, including the whistleblower who stepped forward in February 2020, Plaintiff has every good reason to believe that Radack's private direct messages with @DevinCow, @Rayjoha2, @UpTheCypherPunx, @Jimmysllama, @Kaidinn, @sparrowmedia, @WellTraveledFox and others, contain information relevant to Plaintiff's claims.⁴

Radack's motion for sanctions is a thinly-veiled attempt to intimidate Plaintiff in his search for the truth and to distract the Court from Radack's flagrant and seemingly endless breaches of contract and defamation. The motion should be denied and Radack or Twitter should be required to produce Radack's private direct messages forthwith, and pay Plaintiff's attorney's fees incurred in defense of this motion.

## II. DISCUSSION

The District Court possesses "the inherent authority in appropriate cases to assess attorneys' fees and impose other sanctions against a litigant or a member of the bar who has 'acted in bad faith, vexatiously, wantonly, and for oppressive reasons.'" *Williams v. Family Dollar Servs., Inc.*, 327 F.Supp.2d 582, 585 (E.D. Va. 2004) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). The District Court's inherent power allows

---

³ Radack has failed to provide Rule 26(a)(1) disclosures, but, presumably, the user or users of the @DevinCow would be on Radack's list of persons with knowledge when Radack serves her disclosures.

⁴ Plaintiff has agreed to the entry of a Protective Order to guard against the disclosure of any confidential information to third parties. **Radack refuses to consent to the entry of a Protective Order**.

4

the Court to sanction attorneys who inhibit courts' ability "to manage their own affairs." *Royal Ins. v. Lynnhaven Marine Boatel, Inc.*, 216 F.Supp.2d 562, 567 (E.D. Va. 2002). The power "ought to be exercised with great caution," in circumstances such as those involving "the very temple of justice [being] defiled." *Id.* (citations omitted).

The Subpoena to Twitter has but one purpose: to discover the substance of Radack's private communications with known third parties that mention Plaintiff or that are of and concerning Plaintiff. Plaintiff seeks this information for use at trial in this case. In support of the motion for sanctions, Radack and her counsel offer nothing more than a series of baseless and unsubstantiated personal attacks and platitudes:

1. They claim that the "perspicuous motive" behind the Subpoena to Twitter "is to gain advantage in Mr. Biss' wholly unrelated lawsuit [*Nunes v. Twitter*][5] because that court has denied Mr. Biss the relief he seeks there." **That is not the motive of the Subpoena in this case at all**. Further, the Circuit Court in *Nunes v. Twitter* has not "denied Mr. Biss the relief he seeks there". Rather, as a result of Twitter's refusal to respond to discovery in *that* case, Mr. Biss filed a motion to compel on behalf of his client, which is scheduled for hearing on June 12, 2020. Even if the Circuit Court in *that* unrelated state court case had denied Mr. Biss relief – which it did not – Mr. Biss would be well within his rights to seek relevant information from Twitter in *this* case, since the claims, parties, and relevant facts are totally different.

2. They claim that "the request for identifying information regarding @DevinCow" is "an attempt to garner media attention and further his client Devin Nunes' political agenda". **There is not a shred of truth in these statements**. Indeed,

---

[5] *Nunes v. Twitter et al.* involves claims of negligence and defamation that are wholly-unrelated to this case. The user or user of @DevinCow is a party.

the only ones publicizing the Subpoena are Radack, her co-conspirators, and the third parties with whom Radack regularly communicates, including @DevinCow, *e.g.*:



Radack now claims that she is being sued by "Devin Nunes' Attorney":



6

Radack is actively litigating this case, including the issues raised in the instant motion, in the Court of Twitter:



3. Radack and her counsel broadly claim that "the references to and/or requests for communications from, individuals such as @sparrowmedia (Activist and

7

Author Andy Stepanian),[6] @charliearchy (Writer at the Guardian, the Daily Beast, and Columbia Journalism Review),[7] Adam Parkhomenko (Democratic Strategist), and other journalists, whistleblowers, and progressives are obvious attempts to target, silence and intimidate disfavored media and political adversaries". Again, Plaintiff seeks communications between Radack and third parties that are relevant to this action. None of the Twitter users who communicated with Radack are Plaintiff's "political

---

[6] For years, Stepanian has been out to get Plaintiff. In a February 19, 2019 tweet, for instance, he referred to Plaintiff as a "serial sexual harasser and PR flack". Stepanian has been working with Radack on messaging and to develop the narrative that Plaintiff has engaged in "abusive targeting" of Radack.

[7] The Court can take judicial notice of the pleadings in First Action between the parties [Case 3:18-cv-247]. **@charliearchy** is not some random "journalist" targeted by Plaintiff. **@charlieachy** (Charles R. Davis) has been involved in the smear campaign against Plaintiff since at least May 2017. [*See, e.g.,* Case 3:18-cv-247 (Second Amended Complaint, ¶¶ 35(g), 35(i)]. **@charliearchy** continues to defame Plaintiff to this day, *e.g.*:





8

adversaries". The Subpoena is not an attempt to "target, silence or intimidate" anyone. Radack chose to communicate with **@Rayjoha2**, **@jimmysllama**, **@Kaidinn**, **@sparrowmedia**, **@charliearchy**, **@DevinCow**, **@AdamParkhomenko**, **@RVAwonk** and many others about Plaintiff. Each of these third parties, including the whistleblower, is a witness to Radack's breaches of the settlement agreement and/or defamation. Each should expect to be deposed about their relationship with Radack and the nature of their communications with Radack.

    4.    Radack and her counsel claim that "Mr. Biss has a habit of targeting media seeking to deter further reporting of differing views". **These sweeping generalizations have no evidentiary basis**. Radack's *ad hominem* attacks on Plaintiff's counsel need to stop. Plaintiff did not bring this action because he and Radack have "differing views". The statements made by Radack and her co-conspirators at issue in this action are seriously damaging. The fact that anonymous Twitter accounts, like **@Kaidinn**, have been "helping" Radack in her defamation campaign, is well-known. After Plaintiff issued the Subpoena to Twitter, for instance, **@Kaidinn** (now known as **@WhoPaysBiss**) tweeted the following:



"far better things ahead than any we leave behind"
@WhoPaysBiss

I have 4 accounts named. JimmysLlama has ONE. A whole lot of people are being targeted because we tried helping you Jesselyn. WHY is this being left up to RAYMOND of all people? I first found out by reading his timeline. You didn't reach out to me. @JesselynRadack @RayJoha2

2:03 AM · Dec 29, 2019 · Twitter Web App

Radack and **@Kaidinn** continue to engage in private communications:



5. Radack and her counsel seek to minimalize Radack's behavior throughout both the First Action and this action. Radack has ignored evidence preservation letters and has failed to preserve critical evidence, including encrypted (SIGNAL) communications with at least one witness, Beth Bogaerts ("Bogaerts"). No one is being flippant about Radack's "cog fog" or admitted memory issues. Indeed, they are relevant to show why Plaintiff in good faith subpoenaed the direct messages and non-content records from Twitter. Although Radack suffers from MS, her June 8, 2019 direct messages with the whistleblower reveal that she is selectively disclosing what she wants. She has not disclosed the full extent of her private communications with third parties, and this is very, very disturbing.

6. Finally, Radack and her counsel falsely state that "counsel for Fitzgibbon has embarked upon similar campaigns of misrepresenting facts and vilifying parties in a series of defamation lawsuits". Radack and her counsel also improperly refer to a 10+

10

year old disciplinary matter that could not possibly have any bearing on the Subpoena to Twitter, and that is interposed solely to harass. In truth, Plaintiff's counsel has done everything in his power to facilitate discovery and to save cost and expense. Counsel requested Radack's consent to disclosure of the direct messages under the Stored Communications Act. Radack refused to consent. Plaintiff's counsel requested agreement from Radack and Twitter to the entry of a Protective Order, so that the direct messages could be produced and the interests of third parties, such as @DevinCow, could be protected. Radack and Twitter refused.

## CONCLUSION

The Court's inherent power to award sanctions is reserved for "quite serious misconduct". *SunTrust Mortg., Inc. v. AIG United Gaur. Corp*, 2011 WL 1225989, at * 19 (E.D. Va. 2011) ("courts should impose sanctions under their implied authority only to address conduct that is especially serious and knowing"). Here, Plaintiff's counsel issued a Subpoena to Twitter for documents that Radack refuses to produce. Plaintiff seeks records and information that are relevant to his claims, and that could lead to the discovery of admissible evidence concerning Radack's breaches of contract, defamation and conspiracy. Radack has produced no evidence of subjective bad faith in issuing the Subpoena or seeking the documents because there is none. *See Asghari-Kmrani v. United Services Automobile Association*, 2017 WL 4418424, at * 16 (E.D. Va. 2017) (the activity of Plaintiffs and their counsel—aggressive and imprudent as it may have been— did not warrant a finding of "fraud or bad faith whereby the very temple of justice has been defiled").

For the reasons stated above, Plaintiff requests the Court to deny Radack's motion for sanctions and to Order Radack to produce her direct messages forthwith or sign a release authorizing Twitter to disclose the direct messages. *See Life Technologies Corporation v. Govindaraj*, 931 F.3d 259, 268 (4th Cir. 2019) (where defendant refused to produce emails, refused to identify the email accounts he used, and refused to sign consent and release forms regarding his various email accounts, the district court properly held that defendant in contempt).

DATED:     March 8, 2020

TREVOR FITZGIBBON

By:   */s/ Steven S. Biss*
          Steven S. Biss (VSB # 32972)
          300 West Main Street, Suite 102
          Charlottesville, Virginia 22903
          Telephone:   (804) 501-8272
          Facsimile:    (202) 318-4098
          Email:          **stevenbiss@earthlink.net**

          *Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF System, which will send notice of electronic filing to counsel for Radack and Twitter and all interested parties receiving notices via CM/ECF.

        By:   */s/Steven S. Biss*
                Steven S. Biss (VSB # 32972)
                300 West Main Street, Suite 102
                Charlottesville, Virginia 22903
                Telephone:   (804) 501-8272
                Facsimile:    (202) 318-4098
                Email:        **stevenbiss@earthlink.net**

                *Counsel for the Plaintiff*