UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In Re Subpoena To Twitter, Inc. | ) |
| | ) |
| | ) |
| | ) Misc. Case No. 3:20-mc-00005-REP |
| TREVOR FITZGIBBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:19-cv-477-REP |
| vs. | ) |
| | ) |
| JESSELYN A. RADACK, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT JESSELYN A. RADACK'S REPLY BRIEF SUPPORTING MOTION TO QUASH AND OBJECTIONS TO SUBPOENA BY TREVOR FITZGIBBON**

Defendant Jesselyn A. Radack ("Radack" or "Defendant") states as follows for her Reply Brief Supporting Motion to Quash and Objections to Subpoena by Trevor Fitzgibbon ("Plaintiff"):

**ARGUMENT**

**I.   Radack's Objection To Twitter's Subpoena Was Timely Filed.**

On February 4, 2020, Twitter filed a Motion to Quash ("Twitter's Motion") the Subpoena issued by Plaintiff (the "Subpoena") in the instant lawsuit.  *See* Twitter Mot. To Quash (Dkt. No. 2).  In Twitter's Motion, Twitter states that it was informed by undersigned counsel that Radack objected to Twitter disclosing any of her information.  *Id.* at 9.  Twitter also explains that in accordance with Twitter's policies and procedures, Twitter "sent private notifications regarding the Subpoena to the registered account holder of each of the 23 Twitter accounts implicated by the Subpoena.  Many of these individuals responded to Twitter's notice of the Subpoena, stating that they objected to Twitter disclosing their information." *Id.* at 8.  Thus, the First Amendment,

1

Stored Communications Act ("SCA"), relevancy, privacy, and improper purposes concerns raised in Twitter's Motion serve as objections asserted by Twitter on behalf of its users. In Twitter's Reply in Support of its Motion to Quash, Twitter discusses at length its standing to raise objections and defend the rights of its account holders, which include Radack. Thus, Twitter's Motion asserts a timely objection on behalf of not only Radack, but all of the other Twitter account holders implicated by the Subpoena. Radack's Motion to Quash simply serves as a supplement to Twitter's previously filed objections. Indeed, as indicated in the first paragraph of Radack's Motion to Quash, the Motion "joins, adopts, and incorporates [] all of the arguments made in Twitter's Motion to Quash and provides [] supplemental information." *See* Radack Mot. To Quash (Dkt No. 15 at 1). Thus, Plaintiff's argument that Radack has waived her objections to Plaintiff's Subpoena is without merit.

It is also important to note that Plaintiff filed a "Statement of Additional Evidence" on February 18, 2020, which was eight days after Plaintiff filed its Opposition to Twitter's Motion, and the same day Twitter's Reply Brief was due. (Dkt. No. 11). Plaintiff's Statement of Additional Evidence cites that it was filed pursuant to US District Court for the Western District of Virginia ("WDVA") Local Civil Rule 11(c)(1). Notably, WDVA Local Civil Rule 11(c)(1) provides that a responsive brief must be filed within 14 days after service and "***[n]o further briefs (including letter briefs) are to be submitted without first obtaining leave of court.***" (emphasis added). See also identical language in US District Court for the Eastern District of Virginia Local Civil Rule 7(F)(1). Plaintiff cannot argue that Radack's joinder in, and supplement to, non-party Twitter's Motion is belatedly filed, yet ignore the fact that he filed, without leave of court, a supplement to his Opposition to Twitter's Motion to Quash which clearly violates WDVA Local Civil Rule

11(c)(1). Plaintiff's argument of waiver should be ignored and Radack's supplement to Twitter's Motion to Quash should be evaluated on the merits.

    **II.**    **Plaintiff's Subpoena Seeks Information That Is Overly Broad, Irrelevant, and Disproportionate To The Needs Of This Case.**

The record in this case does not support Plaintiff's extremely broad and overreaching Subpoena requests which amount to all-inclusive access to Radack's Twitter account, private messages, and address book, none of which is likely to lead to admissible evidence or proportional to the needs of this case. Without Fed. R. Civ. P. 26's requirements, parties would be allowed to engage in the proverbial fishing expedition on the mere hope that by getting social media information they could make inferential leaps supporting claims of conspiratorial actions. Numerous courts have concluded this type of discovery request would permit a party to cast too wide a net in discovery. *See Mills v. Hispanic Nat'l Law Enf't Ass'n NCR (In re Subpoena Duces Tecum to Verizon Wireless*), No. TDC-19-1744, 2019 U.S. Dist. LEXIS 157632, at *18-20 (D. Md. Sep. 13, 2019) (the court quashed an attempt to infer conspiratorial actions through the request for records of communications); *Smith v. Hillshire Brands,* No. 13-2605-CM, 2014 U.S. Dist. LEXIS 83953, at *12-14 (D. Kan. June 20, 2014) (holding that a discovery request for unfettered access to social networking accounts—even when temporally limited—would permit the defendant "to cast too wide a net" for relevant information). As the court reasoned in *Ogden v. All-Star Career School*,

> Ordering plaintiff to permit access to or produce complete copies of his social networking accounts would permit defendant to cast too wide a net and sanction an inquiry into scores of quasi-personal information that would be irrelevant and non-discoverable. Defendant is no more entitled to such unfettered access to plaintiff's personal email and social networking communications than it is to rummage through the desk drawers and closets in plaintiff's home. *Ogden v. All-State Career Sch.,* No. 2:13cv406, 2014 U.S. Dist. LEXIS 56212, at *450 (W.D. Pa. April 23, 2014).

Further, setting all of the First Amendment, SCA, privacy, confidentiality, and privilege concerns aside, even assuming *arguendo* Twitter did produce the "non-content" tweets and private communications in redacted form, it would provide no context needed to support any of the claims in this litigation. For example, Plaintiff argues that Radack's "direct messages may show that Radack's counterclaim is baseless – that Fitzgibbon was actually 'asking people to leave [Radack] alone,' rather than stalking her, her family, her clients, etc. . .". Pltf's Opp. at 7. Plaintiff's contention is simply incorrect because non-content records which redact all communications cannot, and do not, provide any probative information regarding specific discussions which may have occurred. This fact is confirmed in the case cited in Plaintiff's Motion, *Optiver v. Tibra*, wherein the Court states that it "struggles to understand how such information [non-content metadata] would be helpful." *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.,* No. C 12-80242 EJD (PSG), 2013 U.S. Dist. LEXIS 9287, at *9 (N.D. Cal. Jan. 23, 2013). Although the *Optiver* Court did ultimately allow the production of non-content metadata of emails, the request was for corporate emails that had none of the privacy concerns which are implicated by Plaintiff's Subpoena request of Radack's personal communications. Notably, the *Optiver* Court quashed the portion of the Subpoena which requested communications containing certain words, which is exactly what Plaintiff has sought in Subpoena Request No. 5.[1]

---

[1] The other cases relied upon by Plaintiff in support of his argument that non-content metadata and identifying subscriber information should be produced are all distinguishable from the instant case. Primarily, the *Xie v. Lai* case pertains to an *ex parte* application for order pursuant to 28 U.S.C. § 1782 permitting discovery for use in a foreign proceeding which is wholly inapplicable to the instant case, indeed to Court when discussing the notice provisions required by Fed. R. Civ. P. 45 stated that the "Federal Rules of Civil Procedure do not apply in this case." *Xie v. Lai,* No. 19-mc-80287-SVK, 2019 U.S. Dist. Lexis 219306, at *12 (N. D. CA. Dec. 20, 2019). In the *Xie* case no objections were filed and the privacy, relevancy, and improper purposes issues confronted by this Court were not present. *Id.* In the *Malibu Media, LLC v. Doe* case cited by Plaintiff, the Court was not confronted with any of the First Amendment issues raised in this case as a result of Plaintiff's request to unmask anonymous speakers on Twitter's platform. *Malibu Media, LLC v. Doe,* No. ELH-15-01048, 2015 U.S Dist. LEXIS 85355 (D. Md. June 30, 2015). In the *Systems Products v. Scrimlin* case, the non-party to whom the Subpoena was directed did not object and the Court held that the Subpoena requested targeted relevant information and did not discern an improper purpose. *Sys. Prod. & Sols., Inc. v. Scramlin,* No. 13-CV-14947, 2014 U.S. Dist. LEXIS 109389, at *23-25 (E.D. Mich. Aug. 8, 2014). Conversely,

Whether or not Radack may have communicated with any of the implicated Twitter accounts on a specific date has no relation to the claims and defenses of the parties in this case, nor does it, as Plaintiff argues, "prove that Radack violated the settlement agreement, defamed Plaintiff, and conspired with others to do so." Pltf's Opp. at 7. Plaintiff also argues in footnote one of his Opposition, that if there were no direct messages and private communications between Radack and @DevinCow, Radack would have said that. *Id.* at 4. Plaintiff goes on to argue that Radack's refusal to provide her direct messages is a "huge red flag" and then in support of this conclusion cites to admittedly doctored messages provided by an unnamed "whistleblower" which have glaring authenticity and reliability concerns. *Id.* at 6. It is illogical for Plaintiff to conclude that a party's decision to file a Motion to Quash and refusal to produce objectionable information in some way concedes that either the requested information indeed exists, or that such information assuming it does exist, is potentially relevant.

It also remains unclear how the unmasking of Twitter account holders or disclosure of all of Radack's saved address book contacts would "prove that Radack violated the settlement agreement, defamed Plaintiff, and conspired with others to do so." Pltf's Opp. at 5. Indeed, if this Court were to accept Plaintiff's position on the scope of relevant discovery, presumably all 39,200 Twitter accounts with whom Radack has ever interacted with (whether directly or indirectly) could

---

in the instant case Twitter did object, and as discussed in detail in Radack's previously filed Motion to Quash (Dkt. No. 15) and Motion for Sanctions (Dkt. No. 20), Plaintiff's Subpoena requests are unquestionably overbroad, irrelevant, harassing, and filed for an improper purpose. In the *Obodai v. Indeed, Inc.* case relied upon by Plaintiff, the Court held that the subscriber information associated with the ***plaintiff's email address*** was subject to discovery, this holding is inapplicable to the subscriber information Plaintiff requests here which pertains to three non-parties. *Obodai v. Indeed, Inc.,* No. 13-80027-MISC EMC, 2013 U.S. Dist. LEXIS 39682, at *7 (N.D. Cal. Mar. 21, 2013) (emphasis added). Lastly, Plaintiff's reliance upon *Lucas v. Jolin,* No. 1:15-cv-108, 2016 U.S. Dist. LEXIS 64098 (S.D. Ohio May 16, 2016) for the proposition that direct messages between private individuals are subject to the disclosure under the SCA is misplaced. In the *Lucas* case, the subpoena at issue sought "electronic communications sent to or from any 'netvoipcommunications.com' address from the email account of victor.jolin@gmail.com." *Id.* at * 11. The narrowly tailored request in *Lucas* for non-content data between the two defendants in that case is nothing like the instant case for obvious reasons. The communications requested by Plaintiff here pertain to 22 (excluding Radack) Twitter subscribers who are non-parties and a majority of whom are not even mentioned in any pleadings in this case.

be unmasked and would be witnesses; all direct messages Radack has sent to, or received from, anyone would be discoverable; and all contacts Radack has ever stored in her Twitter address book would be in play. The production of this information would only inject useless and irrelevant information into this case resulting in the needless and wasteful expenditure of time and money by both parties. It also would not be remotely helpful in advancing or resolving the claims between the parties. Plaintiff's implausible and precarious conspiracy theory that anything that Radack says or does on social media has a nexus to Plaintiff is hardly justification for the overreaching and disproportionate Subpoena requests from Twitter and as a result should be quashed.

### III. **Plaintiff Cites No Authority For The Proposition that Radack Was Required to "Meet and Confer" Prior To Filing Her Motion To Quash And Even If Such Authority Exists Radack Has Met This Requirement.**

Plaintiff alleges that Radack made no attempt to "meet and confer" about the Subpoena or her objections prior to filing her Motion to Quash but cites to no authority requiring such a meeting.[2] Plaintiff's counsel was aware of Radack's objection to the Subpoena. Indeed, Plaintiff's counsel included undersigned counsel on his February 3, 2020, communications with Twitter attempting to resolve the objections to the Subpoena. On February 10, 2020, Plaintiff's counsel demanded that undersigned counsel forward dates for a discovery conference with Judge Payne on Radack's refusal to consent to "disclosure of her private messages being stored by Twitter" and he went on to state that he would be seeking "an Order compelling Radack to obtain the DMs from Twitter." The next day undersigned counsel provided Plaintiff's counsel with an available date for the requested conference; yet, no such conference was ever scheduled by Plaintiff's counsel.

---

[2] A "meet and confer" is not required before filing a motion under Fed. R. Civ. P. 45 or under either the Local Rules of the WDVA or EDVA. *Methodist Health Servs. Corp. v. Osf Healthcare Sys,* No. 13-1054, 2014 U.S. Dist. LEXIS 203122, at *ftnt 4, (C. D. Il. Jan. 8, 2014). Nor would it by logical extension be required when, as in the instant case, a motion is filed joining and adopting objections raised in a previously filed Motion to Quash under Fed. R. Civ. P. 45.

Lastly, in the section entitled "Conclusion and Request for Relief," Plaintiff asserts that Radack has raised a claim of attorney-client privilege with respect to communications with Kathleen McClellan (@McClellanKM) and Thomas Drake (@Thomas_Drake1), yet Radack has produced no privilege log. Pltf's Opp. at 10. It remains unclear what communications Plaintiff is actually requesting in the Subpoena because the only reference in the Subpoena to @McClellanKM and @Thomas_Drake1 is in the section entitled "Definitions" on pages 7-8 of the Subpoena. *See* Subpoena attached hereto as <u>Exhibit 1</u> at 7-8. Contrary to Plaintiff's assertion, there is no request for any emails or direct messages between Radack and these individuals contained in the Subpoena, therefore producing a privilege log is unwarranted. *Id*. Plaintiff's attempt to obfuscate the issues before this Court and bypass the litany of defects so grossly apparent in the Subpoena should be denied. For all of the foregoing reasons, the Subpoena should be quashed.

## **CONCLUSION**

For the reasons set forth above, Defendant Jesselyn A. Radack respectfully requests that the Court grant her Motion to Quash and Objections to Subpoena by Trevor Fitzgibbon and quash the Subpoena, award her attorney's fees, costs, and such other and further relief as the Court deems proper.

7

Dated: March 27, 2020

                                          Respectfully submitted,

                                          ___/s/ D. Margeaux Thomas_____
                                          D. Margeaux Thomas (VSB #75582)
                                          The Thomas Law Office PLC
                                          11130 Fairfax Blvd., Suite 200-C
                                          Fairfax, VA 22030
                                          Telephone: 703.957.2577
                                          Facsimile: 703.957.2578
                                          Email: mthomas@thomaslawplc.com
                                          *Counsel for Defendant Jesselyn A. Radack*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

Charles K. Seyfarth
Mary Grace Miller
O'HAGAN MEYER
411 East Franklin St, Suite 500
Richmond, Virginia 23219

Patrick J. Carome
Ari Holtzblatt
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
*Counsel for Non-Party Twitter, Inc.*

    /s/ D. Margeaux Thomas
    D. Margeaux Thomas (VSB #75582)