UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In Re Subpoena To Twitter, Inc. | ) |
| | ) |
| | ) |
| | ) Misc. Case No. 3:20-mc-00005-REP |
| TREVOR FITZGIBBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:19-cv-477-REP |
| vs. | ) |
| | ) |
| JESSELYN A. RADACK, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT JESSELYN A. RADACK'S REPLY BRIEF SUPPORTING
MOTION FOR SANCTIONS**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, states as follows for her Reply Brief Supporting Motion for Sanctions:

**ARGUMENT**

1. **Plaintiff's Request To Unmask @DevinCow Is Sanctionable Conduct.**

Plaintiff does not respond to, and thus concedes, that prior to the issuance of this Subpoena he had not made a single reference to @DevinCow in any of the pleadings in the six lawsuits concerning these parties which have spanned over two years. His half-baked attempt to now justify what is clearly nothing more than an effort to obtain a discovery advantage in an unrelated case is unavailing. It is undisputed that Radack frequently posts commentary on Twitter on numerous "hot button" political issues which include the plethora of lawsuits filed by counsel for Plaintiff, Steven Biss, on behalf of Congressman Devin Nunes. This fact alone does not mean that Twitter users, such as @DevinCow, who may occasionally reply, like, retweet or view her content are

1

potential witnesses or relevant to this case. Plaintiff's false statement that "Radack's known proclivity for communicating defamatory statements about Plaintiff to total strangers" supports the conclusion that "Plaintiff has every good reason to believe that Radack has private messages [about Plaintiff] with @DevinCow" is preposterous. Pltf's Opp. at 4. The fact that counsel for Plaintiff chooses to advance with great fervor such utterly absurd theories that happen to coincide with his self-interest in obtaining identifying information regarding @DevinCow in another unrelated case is no coincidence. Such improper conduct should not be condoned by this Court.

2. **The Communications Plaintiff Seeks From Reporters, Bloggers, And Political Strategists Are Irrelevant To This Case And An Example of Plaintiff's Improper Scorched Earth Litigation Tactics.**

It is a known fact that scores of individuals have for years posted negative commentary about Plaintiff in the media.[1] As Plaintiff acknowledges in his brief, people's negative commentary about him continues to this day, and rather Plaintiff realizes it or not it likely will continue into the indefinite future. Yet, neither the Complaint filed in this case, nor the speculative allegations in Plaintiff's briefs establish any genuine issue of material fact which supports the existence of a conspiracy between those individuals and Radack. The fact that Twitter users tweet, retweet, like, or tag other users in posts does not establish, directly or by inference, the existence of a conspiracy. Plaintiff's improper discovery tactics illustrated by this Subpoena only serve to harass Radack with the hopes of making this case so expensive that Radack will capitulate. This case is not about, as Plaintiff asserts a "search for the truth," it is about advancing Plaintiff's personal vendetta—at all costs—against Radack. This is yet another example of Plaintiff's futile

---

[1] *See* Paragraph 8 of Counterclaim (Dkt. No. 49) which contains screenshots of sexual misconduct allegations by women, other than Radack, against Fitzgibbon which have appeared on social media; *see also* article attached hereto as Exhibit A quoting a former employee of Plaintiff at Fitzgibbon Media, which stated in part: "We have not forgotten the treatment we faced because of Trevor FitzGibbon's blatant disregard of our lives, our work and our families. We were left without jobs and without healthcare. Some of use are still rebuilding our lives and our careers. HR processes and systems at the firm failed us. The justice system failed us, as it too often fails survivors of sexual harassment and assault." It is important to note that Radack has never worked at Fitzgibbon Media.

and repeated attempts to link every reporter, blogger, political strategist, or Twitter user who posts negative information about him to Radack. If Plaintiff was legitimately concerned about his *public* reputation or stopping others from tarnishing him, he would pursue *those* individuals. This Court need not tumble down the dizzying rabbit holes of everchanging and untenable theories advanced by Plaintiff in this case. It is clear that the vague conspiracy claim set forth in Plaintiff's Second Amended Complaint is insufficient to withstand the pending Motions to Dismiss and that this is at most a breach of contract case. By permitting Plaintiff to engage in improper scorched earth discovery with the mere hope of unearthing some information which he will undoubtedly misconstrue to make further inferential leaps supporting baseless claims of conspiratorial actions should be disallowed.

Plaintiff's assertion that Radack is withholding evidence or has been evasive in response to discovery, thus warranting the instant Subpoena, is without merit. Radack has produced documents, responded to interrogatories, and has only lodged valid objections to the clearly irrelevant, unduly burdensome, and improper discovery requests which include those in this Subpoena. Radack's refusal to consent to the production of objectionable communications, and her refusal to enter into a protective order which will not cure the underlying discovery deficiencies, is not as Plaintiff asserts a refusal to comply "with lawful discovery requests." Pltf's Opp. at 2-3. The litany of defects, including the improper purpose behind Plaintiff's Subpoena requests, have been validly raised and are set forth in several motions currently pending before this Court.

    3. **Plaintiff, Not Radack, Is Litigating This Case In The Media And Plaintiff's Pattern Of Lodging Ad Hominen Attacks Against Radack Should Be Sanctioned.**

Despite Plaintiff's assertion, Radack is not "actively litigating this case . . . in the Court of Twitter." Pltf's Opp. at 7. The rationale behind Radack's legal defense fund (referenced on pages

six and seven of Plaintiff's Opposition brief) is an attempt to raise money to help pay for her mounting legal costs, which are directly attributable to Plaintiff's bad faith litigation tactics. An obvious example of a person litigating a case in the court of public opinion would be Plaintiff's two-page public statement issued about this case. A copy of Plaintiff's Statement is attached hereto as Exhibit B.

Lastly, counsel for Plaintiff denies that he is engaging in what is clearly a pattern of lodging ad hominem attacks on Radack and other litigants. Plaintiff's Opposition goes on to assert that "[n]o one is being flippant about Radack's 'cog fog' or admitted memory issues." Pltf's Opp. at 10. Yet, counsel for Plaintiff has gone so far as to rhyme Radack's medical condition termed "cog fog" with the word "egg nog" in emails between counsel, this type of behavior is the precise definition of flippant. A copy of Plaintiff's January 6, 2020, email is attached hereto as Exhibit C.[2] Plaintiff's Opposition also fails to respond to the history of disciplinary actions and warnings by numerous Courts to cease this exact behavior. Plaintiff only addresses the Virginia State Bar disciplinary actions against him by stating that the "10+ year old disciplinary matter [] could not possibly have any bearing on the Subpoena to Twitter . . . ". Counsel for Plaintiff ignores the fact that just recently on February 27, 2020, in a Memorandum Opinion issued in the *Lokhova v. Halper* case, Judge Brinkema stated that the "record is clear that Biss filed an excessively long complaint and amended complaint on Lokhova's behalf directing **unprofessional ad hominem attacks at Halper and others**." (emphasis added). A copy of the Memorandum Opinion in *Lokhova v. Halper,* Case No. 1:19-cv-00632-LMB-JFA, EDVA is attached hereto as Exhibit D at 40. The Opinion goes on to state that "[s]uch language adds nothing but unnecessary heat to this litigation."

---

[2] Plaintiff's attempt to convert free speech and political commentary into defamation is also exhibited in the text of Plaintiff's email attached hereto as Exhibit B.

*Id.* Although the *Lokhova* Court chose not to issue a sanction against Mr. Biss, the imposition of joint and several monetary sanctions against Plaintiff and his counsel are appropriate here.

## CONCLUSION

For the reasons set forth above, Defendant Jesselyn A. Radack respectfully requests that the Court grant her Motion for Sanctions, issue joint and several monetary sanctions against Fitzgibbon and his counsel, and award her attorney's fees, costs, and such other and further relief as the Court deems proper.

Dated: March 27, 2020

                                                    Respectfully submitted,

                                                    /s/ D. Margeaux Thomas
                                                    D. Margeaux Thomas (VSB #75582)
                                                    The Thomas Law Office PLC
                                                    11130 Fairfax Blvd., Suite 200-C
                                                    Fairfax, VA 22030
                                                    Telephone: 703.957.2577
                                                    Facsimile: 703.957.2578
                                                    Email: mthomas@thomaslawplc.com
                                                    *Counsel for Defendant Jesselyn A. Radack*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

Charles K. Seyfarth
Mary Grace Miller
O'HAGAN MEYER
411 East Franklin St, Suite 500
Richmond, Virginia 23219

Patrick J. Carome
Ari Holtzblatt
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
*Counsel for Non-Party Twitter, Inc.*

      /s/ D. Margeaux Thomas
      D. Margeaux Thomas (VSB #75582)